UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D&F

BURBERRY LIMITED; HERMÈS INTERNATIONAL; and LOUIS VUITTON MALLETIER,

Plaintiffs,

-against-

VARIOUS JOHN DOES, JANE DOES, and XYZ COMPANIES,

Defendants.

CIVIL ACTION NO.

21 CV 9294

**TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, SUBSTITUTE CUSTODIAN ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE BRINGING ON MOTION FOR PRELIMINARY INJUNCTION**

Upon the Complaint herein and the exhibit annexed thereto, upon the moving affidavit, declarations, and the Memorandum submitted in support of this Motion, it is hereby:

ORDERED that Defendants show cause before this Court at Courtroom 1305, United States District Courthouse, 40 Foley Square, New York, New York, on the 29th day of November, 2021 at 9:15 a.m., or as soon thereafter as counsel can be heard, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, should not be issued enjoining Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them, pending the final hearing and determination of this action:

1. From using Plaintiffs' federally registered trademarks, including but not limited to those trademark registrations listed on Exhibit A to the Complaint ("Plaintiffs' Federally Registered Trademarks").

2. From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling

any goods including, but not limited to, clothing, labels, tags, handbags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiffs' Federally Registered Trademarks;

3. From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiffs;

4. From infringing Plaintiffs' Federally Registered Trademarks;

5. From otherwise unfairly competing with Plaintiffs;

6. From falsely representing themselves as being connected with Plaintiffs or sponsored by or associated with Plaintiffs;

7. From using any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Federally Registered Trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by Defendants including, but not limited to, clothing, labels, tags, handbags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiffs' Federally Registered Trademarks;

8. From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiffs and from offering such goods in commerce;

9. From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiffs; and

10. From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing Plaintiffs' Federally Registered Trademarks; and it is further

ORDERED that pending the hearing and determination of Plaintiffs' motion for preliminary injunction, Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any manner, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Plaintiffs; and it is further

ORDERED, that the United States Marshal for the Southern District of New York, the City of New York, Office of the Sheriff, or a local law enforcement officer having jurisdiction (hereinafter jointly referred to as "Federal/Local Law Enforcement"), assisted by one or more attorneys or agents of Plaintiffs (jointly or severally referred to as "Plaintiffs' Representatives"), is directed to seize and sequester or impound the following in the possession, custody or control of Defendants:

1. All merchandise bearing any copy or counterfeit of Plaintiffs' Registered Trademarks or any markings substantially indistinguishable therefrom;

2. All labels, tags, logos, emblems, signs, and other forms of markings, all packaging, wrappers, pouches, containers and receptacles, and all advertisements, catalogs, price lists, guarantees, promotional materials and the like bearing any copy or counterfeit of Plaintiffs' Federally Registered Trademarks or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and

3. All books and records showing:

    a. Defendants' manufacture, receipt and sale of merchandise bearing the aforesaid trademarks either by reference to such trademarks or by style or code number or otherwise; and,

    b. Defendants' manufacture, receipt and sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or by style or code number or otherwise;

at the following locations:

1. 106 Mulberry Street, New York, NY 10013;
2. 110 Mulberry Street, New York, NY 10013;
3. 176 Hester Street, New York, NY 10013;
4. 178 Hester Street, New York, NY 10013; and
5. 178B Hester Street, New York, NY 10013.

(including but not limited to any area within reasonable proximity to the locations identified above where there is reasonable cause to believe that counterfeits of Plaintiffs' merchandise are

sold, offered for sale, distributed, assembled, manufactured or stored, including any vehicles in the possession, custody, or control of Defendants); and it is further

ORDERED, that upon receipt of this Order, Federal/Local Law Enforcement is authorized and directed to take any and all necessary actions, including but not limited to, the use of reasonable force, and the right to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles and any structures located thereon, for the purpose of executing this Order. Federal/Local Law Enforcement is further authorized and directed to arrest from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in anyway with the execution of this Order; and it is further

ORDERED that Plaintiffs provide in advance of each and every execution of this Order an advance deposit to Federal/Local Law Enforcement of any and all estimated fees and costs, as determined by Federal/Local Law Enforcement; and it is further

ORDERED that Plaintiffs shall provide a person or persons capable of determining whether or not an item is covered by the preceding paragraphs, and Federal/Local Law Enforcement shall follow such person or persons' determination in the seizure; and it is further

ORDERED that Federal/Local Law Enforcement shall transfer possession of all such seized merchandise and materials to Plaintiffs' Representatives at a secure facility as substitute custodians for the Court, upon their authorized signature on behalf of Plaintiffs on all proper receipts, pending further order of this Court; and it is further

ORDERED that Plaintiffs' Representatives shall promptly inspect the items seized, and if any items are found to be genuine products, such items are to be returned to Defendants within seven (7) business days of the date this Order is executed; and it is further

ORDERED that Defendants show cause before this Court on the date and place set forth above, or as soon thereafter as counsel can be heard, why an order should not be entered, pursuant to 15 U.S.C. § 1116(d)(l)(A), Fed. R. Civ. P. 65(b) and the common law of trademark, confirming the seizure authorized herein; and it is further

ORDERED that while Plaintiffs' counsel or its agents may photocopy and review any books and records seized pursuant to this Order, they may not disclose any trade secrets or other confidential information contained in such books and records to Plaintiffs or any other person pending the hearing of Plaintiffs' motion to confirm the seizure authorized herein; and it is further

ORDERED that the search, seizure and sequestration ordered hereinabove may be photographed and/or videotaped for the purpose of authenticating and assisting in the obtaining of evidence and to prevent subsequent controversy concerning the events occurring during such search, seizure and sequestration and/or impoundment; and it is further

ORDERED that pursuant to 15 U.S.C. § 1116(d)(l)(B) and Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs be given expedited discovery of Defendants with respect to the manufacture, receipt and sale of merchandise, containers, handbags, sunglasses, or other products and labels bearing Plaintiffs' Federally Registered Trademarks including discovery of the source thereof, the creation of such trademarks, the quantity of goods bearing such trademarks ordered, in inventory and sold by Defendants, and other matters relevant to this action and that such discovery shall take place no later than one (1) day prior to the show cause hearings scheduled herein; and it is further

ORDERED that the bond already posted by Plaintiffs in the amount of $10,000 in this action is deemed sufficient as security for the payment of such costs and damages as may be

incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby, or as a result of a wrongful seizure and/or impoundment or wrongfully attempted seizure and/or impoundment; and it is further

ORDERED that personal service of the Summons and Complaint, of this Order, and Amended Declaration of Plaintiffs' Counsel in support of this Order may be made on Defendants by leaving copies of the same at the locations specified above or by hand-delivering a copy of the same to individuals at the locations specified above during the execution of this seizure order, and that such service shall be deemed sufficient service; and it is further

ORDERED that service of the documents referenced in the prior Paragraph shall be completed, either in accordance with the prior Paragraph or the Federal Rules of Civil Procedure, within one week of the date of this Order; and it is further

ORDERED that Plaintiffs may redact service copies of the Summons and Complaint, of this Order, and of the Amended Declaration of Plaintiffs' Counsel in support of this Order to remove information identifying any other Defendants, including but not limited to Defendants' addresses, to prevent premature disclosure of the locations identified in this Order and the papers filed in support of this Order;

ORDERED that Defendants may seek relief prior to the hearing to show cause scheduled above; and it is further

ORDERED that copies of the documents filed in this action in support of this Order, but not served, be furnished to Defendants or their counsel upon request; and it is further

ORDERED that Defendants' answering papers, if any, be personally filed with this Court and personally served upon Plaintiffs' counsel, Baker & Hostetler LLP, 45 Rockefeller Plaza,

New York, New York 10111, Attn: Kevin M. Wallace, Esq., on or before four days prior to the show cause hearing scheduled herein; and it is further

ORDERED that upon each and every execution of this Order, Plaintiffs' Representatives shall prepare and sign, and Federal/Local Law Enforcement shall confirm and sign, an inventory of all items seized pursuant to this order, noting, *inter alia*, the date and location of each seizure, and a brief description of all items seized, and that Federal/Local Law Enforcement file a return to this Court upon each and every execution of this Order with a copy of the pertinent above-described inventory signed by Plaintiffs' representatives and Federal/Local Law Enforcement; and it is further

ORDERED that Plaintiffs, on behalf of themselves, their officers, employees, principals and assigns (hereinafter individually and collectively known as "Plaintiffs' Group"), hereby release any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, arising from any and all known or unknown, foreseen or unforeseen causes, which they may have or hereafter acquire against the United States of America, the State of New York, and/or the City of New York whichever is involved in the execution of this Order, as well as its agencies, agents, officers, or employees, arising from the execution of this Order to the extent that the underlying acts or omissions were performed, precipitated, sanctioned or condoned by Plaintiffs' Group; and it is further

ORDERED that Federal/Local Law Enforcement is not an agent of Plaintiffs when executing this Order, but is instead acting under the authority and at the direction of this Court. Accordingly, Plaintiffs are not responsible for any acts performed by Federal/Local Law Enforcement without its knowledge, direction, consent or control that exceed the scope and/or intent of this Order; and it is further

8

ORDERED that, pursuant to 15 U.S.C. § 1116(d)(5)(C), any seizures authorized under this Order shall be made within seven (7) days of the date of entry, and pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, all other relief authorized under this Order shall expire within fourteen (14) days of the date of the entry, unless before that time, the Court, for good cause, extends this period for an additional fourteen (14) days.

Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein may result in the confirmation of the seizure authorized herein and the immediate issuance of the preliminary injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the order herein, and shall extend during the pendency of this suit the same injunctive relief previously granted by the order. Defendants are hereby further notified that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

The Court has granted the foregoing Orders without prior written or oral notice to Defendants for the reasons set forth below:

a. The entry of any order other than a seizure order without notice will not serve to adequately achieve the objectives underlying the Trademark Counterfeiting Act and the common law of trademark infringement;

b. Plaintiffs have not publicized its proposed seizure;

c. Plaintiffs have given the United States Attorney for this District notice of Plaintiffs' application for a seizure order without notice pursuant to 15 U.S.C. § 1116(d)(2);

d. Plaintiffs are likely to succeed in showing that Defendants have used a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services;

e.  Plaintiffs will incur immediate and irreparable harm if this Court declines to grant a seizure and/or impoundment order without notice;

f.  The matters subject to said seizure order will be located at: 106 Mulberry Street, New York, NY 10013; 110 Mulberry Street, New York, NY 10013; 176 Hester Street, New York, NY 10013; 178 Hester Street, New York, NY 10013; and 178B Hester Street, New York, NY 10013;

g.  The harm to Plaintiffs should this Court decline to grant Plaintiffs' motion for a seizure order without notice outweighs any harm which Defendants may incur in the event this Court grants Plaintiffs' motion for a seizure and impoundment order; and

h.  Defendants, or persons acting in concert with them, would likely destroy, move, hide or otherwise make inaccessible to the Court the matters which are subject to the proposed seizure orders if Plaintiffs are required to proceed on notice.

Dated:  November 15, 2021
        New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

ISSUED: November 15, 2021  2:06 p.m.